UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL W. SMITH,<br>    Plaintiff, | )<br>)<br>) |
| v. | )  Case No. 20-CV-4127 |
| | ) |
| GREGG SCOTT and<br>LYNN SHELTON,<br>    Defendants. | )<br>)<br>)<br>) |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U. S. District Judge:

This cause is before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* (IFP). [3].

The Plaintiff is civilly detained in the Rushville Treatment and Detention Center. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to *proceed in forma pauperis* only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th

1

Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff has named two Defendants including Facility Director Gregg Scott and Quality Services Director Lynn Shelton. Plaintiff says he is an ordained minister and he has several other theological accreditations form the Universal Life Church, an internet ordination.[1]

Plaintiff says Rushville has a marriage policy which requires any resident who wishes to marry another individual to obtain a minister to perform the ceremony. Residents have asked Plaintiff to assist, but Defendant Shelton has repeatedly told Plaintiff he will not be allowed to perform any marriage ceremony pursuant to the policy and decision of Defendant Director Scott. However, when Plaintiff has asked for any documentation regarding this decision, Plaintiff was told there was no relevant documentation.

Plaintiff is not aware of any other barriers which would prevent him from officiating and Plaintiff maintains he meets all the legal requirements. In addition, Plaintiff maintains ordained Universal Life Church ministers are allowed to conduct weddings in Illinois.

---

[1] Plaintiff's complaint refers to several exhibits, but there are no exhibits attached to the complaint.

Plaintiff further notes he has offered to provide his services free of charge, and the facility cannot offer any credible security concerns. Therefore, Plaintiff maintains the Defendants have violated his due process and equal protection rights.

Plaintiff has articulated an equal protection claim. However, Plaintiff has not clearly stated the basis for a violation of his due process rights. Instead, Plaintiffs' claim appears to be more properly stated as a violation of his First Amendment right to the free exercise of his religion. *See Ruffin v. Baldwin*, 2019 WL 293236, at *4 (S.D.Ill. Jan. 23, 2019)("any substantive due process claims stemming from being denied religious services is rooted in the Free Exercise Clause of the First Amendment and would be duplicative."): *Ali v. West*, 2017 WL 176304, at *5 (E.D.Wis. Jan. 17, 2017)(finding claim prisoner was deprived of liberty to practice religion without government interference was just a restatement of First Amendment claim); *see also Eby–Brown Co., LLC v. Wis. Dep't of Agric.*, 295 F.3d 749, 753–54 (7th Cir.2002)(rejecting substantive due process claim on the ground that plaintiff's arguments were "more properly considered claims under the equal protection clause alone").

IT IS THEREFORE ORDERED:

1. Plaintiff's petition to proceed in forma pauperis is granted. [3]. Pursuant to a review of the Complaint, the Court finds that Plaintiff alleges Defendant Gregg Scott and Lynn Shelton violated Plaintiff's First Amendment and Equal Protection rights when they refused to allow him to perform marriage ceremonies when requested by other residents. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion

on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should

include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

   6.   Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

   7.   Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

   8.    Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

   9.   If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.     The Clerk is directed to attempt service on Defendants pursuant to the standard procedures and set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines.

ENTERED this 13th day of November, 2020.


                    s/ James E. Shadid
            _____
                    JAMES E. SHADID
              UNITED STATES DISTRICT JUDGE